## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LINDA WALLACE,

        Plaintiff,

    vs.                              Civil Action Number:

LIFE INSURANCE COMPANY OF
NORTH AMERICA and USI INSURANCE
SERVICES, LLC EMPLOYEE BENEFIT
PLAN,

        Defendants.

## COMPLAINT

AND NOW, comes the Plaintiff, Linda Wallace, by and through her undersigned counsel, Gregory G. Paul, and files the within Complaint to obtain declaratory relief and recover disability benefits under an ERISA employee benefit plan, and to recover costs, prejudgment interest and attorney's fees.

### JURISDICTION AND VENUE

1.      This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA 29 U.S.C. §§1132(a), (e)(1) and (f). The Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Under §502(f) of ERISA, 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

2.      Venue is properly laid in this district pursuant to section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the subject employee benefit plan is administered in this district, the breaches of duty herein alleged occurred in this district, and one or more of the defendants

1

resides or is found in this district, and pursuant to 28 U.S.C. §1391(b), in that the causes of action arose in this district.

## PARTIES

3.      Plaintiff, Linda Wallace, is an adult individual who resides in Finleyville, Pennsylvania 15332 (Washington County).

4.      Defendant, Life Insurance Company of America d/b/a Cigna Group Insurance ("LINA"), is the Plan administrator and insurer of the Plan and conducts its business including the denial letter from Pittsburgh, Pennsylvania 15222.  Defendant, USI Insurance Services, LLC Employee Benefit Plan, is a Plan as defined under ERISA located at 100 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

## SUMMARY OF ACTION

5.      Ms. Wallace was born in 1976 and was employed by USI Insurance Services as a Customer Service Representative until she was unable to continue working on or about October 2, 2014.

6.      Plaintiff was approved for short-term disability from October 9, 2014 through January 7, 2015 and continued to meet the definition of disability of long-term disability benefits through March 16, 2017.

7.      Plaintiff received Long Term Disability benefits from Defendant due to multiple medical conditions but primarily due to the symptoms related to Lupus.  Ms. Wallace's treating physician, Dr. Edward W. Jew, III, Internal Medicine, noted her desire and work attempts following her diagnosis of Systemic Lupus Erythematosis in 2013. Due to attendance issues and the fact that one cannot fully predict the future exacerbations of her Lupus nor the time required for remission, Dr. Jew opined that she is disabled from returning to employment. Based on

2

previous records, there could be flares at least every 1-3 months, lasting 5-7 days.  Ms. Wallace cannot guarantee a reliable attendance record nor the physical stamina to start and continue the material duties of both her former occupation and any occupation, as defined under the insurance policy.

8.      C. Kimball Heartsill, a vocational expert, considered the impact of Dr. Jew's restrictions and opinions upon the ability to work compared to LINA's conclusion that she could work as a policy information clerk or insurance clerk. Based upon his 31 years as a vocational expert, Mr. Heartstill evaluated the ability to perform the jobs identified by LINA against the frequency of unscheduled absences in excess of two per month and limitations in concentration and attention due to her symptoms, opining that  "[a]n individual missing more than four days per month would not be able to maintain consistent or continual employment on a full-time or part-time basis".

9.      Ms. Wallace remains unable to work both in her former occupation and in any occupation due to the above conditions.

10.      Under the long-term disability policy, the Employee is considered Disabled if, because of Injury or Sickness, he or she is unable to perform all the material duties of his or her regular occupation, or solely because of Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings.

11.      After 24 months of Disability Benefits the Employee is considered Disabled if he or she is unable to perform all the material duties of any occupation for which he or she may reasonably become qualified based on education, training or experience or solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings.

12.     On or about March 21, 2017, Defendant LINA denied Plaintiff's long-term disability benefits stating that "we have determined that you are able to perform the duties of a sedentary level occupation and no longer meet the definition of disability beyond March 16, 2017". The denial later further states that "the medical information would support your ability to perform your own occupation as a customer service representative and your inability to perform any occupation".

13.     Ms. Wallace appealed this denial letter on July 11, 2017 resulting in LINA issuing a final denial letter dated September 27, 2017 based upon a non-examining paper review from Dr. Wu concluding that she is not precluded from performing the duties of her own or any occupation.

14.     As a result of Defendant's denial of long-term disability benefits, Plaintiff has not received the monthly benefits calculated at 60% of her monthly earnings of $3,006.02 per month to which she is entitled through age 65 or the Social Security Normal Retirement Age (SSNR) and other benefits under the Plan including waiver of premiums for life insurance.

15.     Furthermore, Defendant's denial was infected by conflict of interest including but not limited to the claims processing and payment of claims by the same insurance company and failure to follow enhanced claim procedures as required by the Regulatory Settlement Agreement between LINA and the Pennsylvania Department of Insurance including but not limited to failing to perform or respond to plaintiff's vocational expert. (Attached as Ex. 1).

## COUNT ONE
## (CLAIM FOR BENEFITS UNDER THE PLAN- 29 USC 1132(a)(1)(B))

16.     The averments set forth in the above paragraphs are incorporated by reference.

17.     The Plan provides the Plaintiff is entitled to replacement disability income ("Disability Benefits") based upon her becoming disabled within the meaning of the Plan.

4

18.     Plaintiff has established her disability within the meaning of the Plan and is entitled to Disability Benefits because she is limited from performing the material and substantial duties of both her regular occupation and occupation earning 80% or more of her pre-disability income due to her sickness or injury.

19.     On or about March 16, 2017 and September 27, 2017, Defendant denied Disability Benefits. Plaintiff is entitled to payment of the Disability Benefits under the Plan because her medical conditions prevent her from performing the material and substantial duties of both her own occupation and any occupation.

20.     Defendant's denial of long-term disability benefits constitutes denial of benefits governed by ERISA and adversely affects her eligibility for continuing long-term disability benefits and other benefits under the plan including life insurance.

**COUNT TWO**
**DUTY TO PROVIDE DOCUMENTS UNDER 29 U.S.C. 1332(a)(1)(A) and (c)(1))**

21.     The averments set forth in the above paragraphs are incorporated by reference.

22.     On or about April 4, 2017, plaintiff requested copies of plan documents, summary plan description, complete claims file and medical evidence used to deny the claim, and communications whether by memo, letter or email. This letter was addressed to "Raquel C." who signed the March 16, 2017 denial letter and to "CIGNA/Life Insurance Company of North America". (Attached as Ex. 2).

23.     Plaintiff received a copy of what Raquel C. referred to as the "claim file", attached as Ex. 3.  However, plaintiff did not receive certain documents including copies of the policies, CIGNA's Blue Book, claim manuals, written protocols, rules, or even the qualifications of the reviewers of their claims file.

24.     ERISA requires administrator's to produce information under two different statutory provisions: 29 U.S.C. § 1024 and 29 U.S.C. § 1029.

25.     Pursuant to 29 U.S.C. § 1024:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, **or other instruments under which the plan is established or operated.**

29 U.S.C. § 1024(b)(4) (Emphasis added)

26.     Pursuant to 29 U.S.C. § 1029:

> **(c)     Format and content of summary plan description, annual report, etc., required to be furnished to plan participants and beneficiaries**
>
> **The Secretary may prescribe the format and content of** the summary plan description, the summary of the annual report described in section 1024(b)(3) of this title and **any other report, statements or documents** (other than the bargaining agreement, trust agreement, contract, or other instrument under which the plan is established or operated), **which are required to be furnished or made available to plan participants and beneficiaries receiving benefits under the plan.**

29 U.S.C. § 1209(c) (Emphasis added).

27.     ERISA's document penalty provisions apply when an administrator fails to provide the plan documents specifically discussed in 29 U.S.C. § 1024(b)(4) and when an administrator withholds other reports, statements or documents that "are required to be furnished or made available to plan participants." 29 U.S.C. § 1209(c).

28.     Under 29 U.S.C. § 1132(c) and 29 U.S.C. § 1209(c), the Secretary of Labor is given authority to establish the format and content of what documents are required to be produced.  Therefore, "Any administrator…who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish…may in the court's discretion be personally liable" for a penalty pursuant to 29 U.S.C. § 1132(c).

29.     Additionally, the Secretary has general authority under "this subchapter" to "prescribe such regulations as he finds necessary or appropriate to carry out the provisions of this title." 29 U.S.C. § 1135.   The Secretary has promulgated 29 C.F.R. § 2560.503-l(h) which requires that a claimant receive a full and fair review of an adverse benefit decision.   Part of a full and fair review requires that a claimant

> shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section

29 C.F.R. § 2560.503-l(h)(2)(iii).

30.     At paragraph (m)(8) the Secretary explains what documents are relevant to the claim and are to be produced under ERISA:

> A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information
>
> (i)      Was relied upon in making the benefit determination;
>
> (ii)     Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
>
> (iii)    Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
>
> (iv)     In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2560.503-l(m)(8)(i-iv).

31.     Based on this conduct, defendant is in violation of ERISA § 502(a)(1)(A) and (c)(1) by failing to supply information and comply with notice requests.

32.     Defendants failed to comply with plaintiff's request by not providing any documents including "relevant documents" as defined under section 503-1(m)(8) to include not only those documents considered but also those documents "submitted, considered or generated". Furthermore, these documents require disclosure of documents that demonstrate defendants' compliance with (b)(5) that the plan has been applied consistently to similarly situated claimants. Defendants failed to identify all of the medical and vocational experts whether relied upon or not. Defendants failed to identify the actual reviewer and his or her credentials. Last, defendants failed to provide internal rules, guidelines and protocols relied upon or applied in terminating plaintiff's claim for benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Linda Wallace, respectfully prays that the court: (1) declare that the Defendant is obligated to pay Plaintiff her past due Disability Benefits; (2) declare that the Defendants be assessed and ordered to pay $110 per day for the failure and/or refusal to provide requested Plan documents, schedules and policies pursuant to 29 U.S.C. §1132(c)(1); (3) issue an inunction and declaratory relief that LINA produce all relevant documents under section 503-1(m)(8) to include not only those documents considered but also those documents "submitted, considered or generated" in compliance with (b)(5) that the plan has been applied consistently to similarly situated claimants, identify all of the medical and vocational experts whether relied upon or not, identify the actual reviewer and his or her credentials, provide internal rules, guidelines and protocols relied upon or applied in terminating plaintiff's claim for benefits; and (4) award retroactive long-term disability benefits and reinstate future benefits; (5) award Plaintiff the costs of this action, interest, and reasonable attorneys' fees; and (6) award such other further and different relief as may be just and proper.

8

Respectfully submitted,

MORGAN & PAUL, PLLC

/s/ Gregory G. Paul
GREGORY G. PAUL
PA ID Number:  83334
First and Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA  15222
(412) 259-8375
(888) 822-9421 (facsimile)
gregpaul@morgan-paul.com

Attorney for Plaintiff

Dated:  September 28, 2017